# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUIL IP HOLDINGS LLC, | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-677-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AKAMAI TECHNOLOGIES, INC., | ) |
| Defendant. | ) |

## LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM BINDU A. PALAPURA REGARDING OPENING DISCOVERY DISPUTE

OF COUNSEL:

Jason R. Bartlett
Jason A. Crotty
Marc J. Pernick
MASCHOFF BRENNAN GILMORE
ISRAELSEN & MAURIEL LLP
450 Sansome Street, Suite 1005
San Francisco, CA 94111
Tel: (415) 738-6228

Charles S. Barquist
MASCHOFF BRENNAN GILMORE
ISRAELSEN & MAURIEL LLP
1801 Century Park East,
Suite 2400,
Los Angeles, CA 90067
Tel: (949) 202-1900

Erynn L. Embree
MASCHOFF BRENNAN GILMORE
ISRAELSEN & MAURIEL LLP
100 Spectrum Center, Suite 1200
Irvine, CA 92618
Tel: (949) 202-1900

L. Rex Sears
MASCHOFF BRENNAN GILMORE
ISRAELSEN & MAURIEL LLP
95 South State Street Suite 800

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff Equil IP Holdings LLC*

Salt Lake City, UT 84111
Tel: (801) 297-1850

Steven Callahan
Christopher T. Bovenkamp
CHARHON CALLAHAN ROBSON &
 GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, TX 75219
Tel:  (214) 521-6400

Dated: June 7, 2024
11553863/22225.00001

Dear Judge Andrews,

Equilibrium asks the Court to order Akamai to produce (1) revenue, volume and other financial data consistent with the full scope of Equilibrium's infringement contentions, (2) a discrete set of technical documents sufficient to evaluate additional functionality that Equilibrium from the outset identified as potentially infringing; and (3) a response to Interrogatory No. 1 identifying certain relevant features of its platform.  Despite being on notice of the accused functionalities through Equilibrium's initial disclosures (which Akamai never challenged), Akamai has limited discovery to product features that it deems to be in the case rather than those Equilibrium accused.  However, non-infringement theories are no excuse for avoiding discovery obligations.

**Akamai's Accused Products at Issue In This Motion:**  The accused product or service in this case is Akamai's content delivery network, which it currently brands the "Intelligent Edge" or "Intelligent Edge Platform" (IEP).  (*See* Exh. A at 1 ("The accused Akamai products are Akamai services that include at least Akamai's content delivery services provided through the Akamai ... 'Intelligent Edge' network/platform"); Exh. B at 1 (same).)  It is the "CDN host" computer network that Akamai uses to optimize and deliver media content to end users on behalf of its customers.  (Exh. C (*Akamai Website*) at 6 (FAQ "What is a CDN host?").)

Within this accused IEP CDN host, Akamai provides relevant functionality that Equilibrium has summarized as "Dynamic Imaging."  Equilibrium defined this term to mean "generating media assets such as images, video, or sound in response to user requests wherein such generated media assets are optimized, compressed, altered, or otherwise processed, based at least in part on (1) information relating to the user …, and/or (2) any other information contained within the user's request."  (*See* Ex. D at 3.)

Akamai renames and repackages the features of its IEP CDN in evolving configurations for marketing purposes.  Akamai concedes that its marketing names evolve over time and "therefore marketing names might not clearly identify accused products."  (Ex. E at 2.)  Its witnesses have testified that they cannot keep track of the marketing names.

Equilibrium did its best to identify the accused IEP functionality.  In addition to IEP as a whole, Equilibrium called out accused features by their marketing names, including "Image Manager," "Image and Video Manager" ("IVM"), and "Ion" (Exh. B at 2 & accompanying claim chart at 1):

| U.S. Patent No. 9,158,745 | 1, 2, 5, 6, 7 | Intelligent Edge, Ion, Image Manager, Image and Video Manager | Exhibit A |
|---|---|---|---|

**Exhibit A**

US 9,158,745 B2 – Akamai Image and Video Manager (IVM) Infringement Chart

Intelligent Edge, Ion, Image Manager, Image and Video Manager, and all products indicated as incorporating the Image and Video Manager features discussed below, or the equivalent thereof.

Therefore, Equilibrium has accused products by both marketing name and function.

The Honorable Richard G. Andrews                                                                                          Page 2
June 7, 2024

**Equilibrium Discovery Requests At Issue:**  Equilibrium issued reasonable and proportional discovery requests for technical and financial information.  Equilibrium's Interrogatory No. 1, for example, sought to clarify Akamai's nomenclature.  It asked Akamai to "[i]dentify all products and services that Akamai has sold during the Damages Period that incorporate Dynamic Imaging functionality…." (Ex. D at 4.)  Akamai failed to provide a substantive response, professing confusion regarding "Dynamic Imaging," a defined term.

Equilibrium RFPs call out both IEP and certain underlying functionalities, using names gleaned from publicly available materials.  Equilibrium asked for documents relating to image and video optimization features of "Akamai Image Manager" (Nos. 12 and 14) and "Akamai Edge Platform" (No. 16), "'edge caching' to store previously-requested intermediate media content in the Akamai Intelligent Edge Platform" (No. 18), and "adaptive media delivery in the Akamai Edge Platform" (No. 19).  It also sought documents sufficient to show sales, profits, and volume of video and/or image data optimized (Nos. 21-23).  Akamai has not responded adequately.  (*See* Ex. F (excerpts of Akamai's RFP Responses).)

Equilibrium followed up on December 4, 2023.  (*See* Ex. G at 1-2, 9-10.)  This letter reminded Akamai that the case encompasses Akamai's use of IEP, including "'Image Manager,' 'Image and Video Manager,' 'Ion,' [and] 'Adaptive Media Delivery' ... as Akamai names for the accused functionality." (*Id*. at 2.)  Akami did not challenge this summary of the scope of the accused products, and only recently disputed that these products had been accused.  Akamai also did not assert undue burden.  *See Corteva Agriscience LLC v. Monsanto Co*., 2023 WL 6880348, *1 (D. Del. Oct. 18, 2023) (allowing discovery into unaccused products where defendants "do not assert that providing the discovery would be burdensome").  The parties have been unable to resolve the following discrete disputes regarding Equilibrium's requests.

**Akamai Must Produce Financial and Volume Documents For All Accused Products:**
Akamai produced source code and some technical documents for IEP features "IVM," "Ion" and the "Adaptive Image Compression" (AIC) functionality bundled in it, and Edge Image Manipulation.  Akamai's technical production was more limited for Ion/AIC and Edge Image Manipulation-related services than for IVM.  But Equilibrium likely has what it needs on these features from an infringement standpoint.  Akamai only need produce further technical materials on these functionalities if it asserts that additional technical documents bear on infringement.  Where Akamai really fell short was on damages.

Customers cannot use *any* of the accused Dynamic Imaging features identified above without being Akamai IEP customers.  Moreover, some of features are sold bundled (*e.g*. "Ion," bundles with the alleged Dynamic Imaging functionality AIC) and others (such as "IVM") are sold with an up-charge.  Akamai unilaterally withheld *all* damages-related information for these accused features except for the IVM upcharges.  This hampered efforts to prepare a damages case.  Akamai should produce its financial documents for *all* accused features.  Recent invoices received through third party subpoena show the missing financial data is significant.

**Akamai Must Produce Technical, Volume & Financial Documents For "AMD":**
Equilibrium's Initial Identification of Accused Products expressly identified the Akamai IEP

The Honorable Richard G. Andrews                                                                                          Page 3
June 7, 2024

function marketed as "Adaptive Media Delivery" (AMD) as potentially infringing the '745 Patent.  (Exh. A at 2.)  Equilibrium stated that it needed discovery to confirm infringement (*id*.), and Equilibrium's Infringement Contentions did not chart AMD for the '745 because it needed such discovery.  For AMD, Equilibrium seeks source code and documents sufficient to show (i) the amount and type of data that Akamai edge servers fetch from an upstream server such as an origin server in the case of a "cache miss," including what they fetch and when and how they fetch it, and (ii) how Akamai edge servers prepare data derived therefrom to send to the end user.  Without this information, Equilibrium cannot evaluate infringement for AMD.

Akamai has refused to produce source code and technical documentation relating to AMD functionality, as well as related financial data, on the ground that Equilibrium did not "accuse" AMD in a claim chart.  (Exh. E at 2.)  Akamai has it wrong.  Especially for a feature that Equilibrium called out and identified, Equilibrium's right to discovery under the Federal Rules is not limited to only features it charted.  *See Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 283 (D. Del. 2012) (Default Standard does not "categorically limit discovery only to those products that a plaintiff specifically accuses of infringement in its initial disclosures") (citing *Tessera Inc. v. Sony Elecs., Inc.*, No. CV 10-0838-RMB-KMW (D. Del. Aug. 8, 2012) (Exh. H) at 7-8 ("[T]he Court did not intend to limit discovery to products identified in [the] PICs for the duration of the litigation.  Rather, the PICs serve as a mechanism to facilitate discovery during the initial stages of the litigation.")).  The Court should order Akamai to provide this discovery.

**Akamai's Objections Are Groundless:**  Although Akamai claims that Equilibrium is broadening the case, the opposite is true.  Akamai is refusing to produce documents regarding products that have long been in the case (and, indeed, were identified in the Complaint).

Akamai then purports to apply functional feature-based criteria to its discovery obligations.  However, that analysis turns out to be a tortured parsing of Equilibrium's Identification of Accused Products and Infringement Contentions, which somehow concludes that Equilibrium's claim chart for the '745 Patent fails to cover the IEP offerings that Equilibrium *specifically* called out both by name and by function.  As the plain language of the chart (excerpted above) and the context of the case make clear, the accused instrumentalities are those that perform dynamic imaging, *i.e*., the video and image optimization that Akamai itself touts in its documents.

Akamai also complains that Equilibrium should have asked for documents relating to these accused products earlier.  Equilibrium did.  Akamai's refusal to comply with its discovery obligations the first time Equilibrium raised the issue is no excuse for Akamai to continue refusing when Equilibrium timely raised (before the close of fact discovery) the issue again.

*     *     *

The Court should order Akamai to produce financial information relating to the full scope of the products identified in Equilibrium's Infringement Contentions, which expressly includes the IEP and Ion as well as IVM.  The Court should also order Akamai to produce discrete technical documents sufficient to reveal whether the accused functionality is present in the AMD feature of IEP as well, and related financial information.  Akamai should also be compelled to provide a substantive response to Equilibrium's Interrogatory No. 1.

The Honorable Richard G. Andrews  Page 4
June 7, 2024

                                          Respectfully,

                                          */s/ Bindu A. Palapura*

                                          Bindu A. Palapura

BAP:mes/11553863/22225.00001

Enclosures
cc:     Counsel of Record (via electronic mail)