IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUIL IP HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>AKAMAI TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 22-677-RGA |

**MEMORANDUM ORDER**

This patent case proceeded on the basis that Defendant's Image and Video Manager ("IVM") infringed the asserted patent, U.S. Patent No. 9,158,745 ("the '745 patent"). This is what the Complaint said. (D.I. 1 at ¶¶ 43–54, 71; *see also* D.I. 13 ¶¶ 53–64, 95). This is what Plaintiff's only set of infringement contentions, served on May 5, 2023, said. (D.I. 155 at 14, 16–24 of 420). Fact discovery proceeded, and it has been completed. Plaintiff apparently forgot to tell its technical expert that the only accused product was IVM. The expert, Dr. Almeroth, analyzed Defendant's Adaptive Image Compression ("AIC") product to prove it too infringed the '745 patent. Defendant learned of this second accused product for the first time on July 19, 2024, when Plaintiff served Dr. Almeroth's report. (D.I. 145).

Defendant moves to strike Dr. Almeroth's AIC theory from his report, arguing that Plaintiff's infringement contentions never referenced the AIC product. (D.I. 155 at 3–4 of 420).[1] Plaintiff argues that its contentions do cover Dr. Almeroth's infringement analysis for AIC. (D.I. 157 at 4–5 of 6).

---

[1] Defendant also moves to strike any damages theories in Mr. Kennedy's report that are based on Dr. Almeroth's "improper new infringement theories." (D.I. 155 at 4 of 420).

1

When determining whether a party's failure to disclose was justified or harmful, and deciding whether to strike potentially critical evidence, courts in the Third Circuit consider the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.*

The *Pennypack* factors counsel in favor of striking Dr. Almeroth's AIC theory. Plaintiff's contentions are of critical importance, as they provide a basis for its infringement theory with respect to the '745 patent. Although there is no evidence that Plaintiff has acted in bad faith, Defendant did not learn that Plaintiff would accuse its AIC product until Plaintiff served its opening expert report. The contentions consistently refer to Defendant's IVM product, not to the AIC product. (*See* D.I. 155 at 16–24 of 420). Plaintiff contends, "AIC and IVM are the same, with only this difference: AIC performs only . . . compression," whereas "IVM . . . can perform other types of transformation." (D.I. 157 at 4 of 6). Defendant, on the other hand, contends that AIC and IVM "operate very differently with respect to the asserted claims." (D.I. 155 at 4 of 420). Based on the record before me, I cannot conclude that the two products are so similar that accusing IVM of infringement would put Defendant on notice of Plaintiff's AIC theory. I also do not think that the marketing statement in Plaintiff's contentions—

"Equilibrium's contentions are not limited by the marketing names that Akamai applies to its services or the other services with which they may be bundled for purposes of marketing, sales, or support." (D.I. 155 at 11 of 420)—provides notice that Plaintiff intended to accuse AIC. *See Intell. Ventures I LLC v. AT&T Mobility LLC*, 2017 WL 658469, at *2 (D. Del. Feb. 14, 2017) ("Infringement contentions . . . serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim." (citation omitted)).

Because the contentions do not give Defendants notice of how its AIC product allegedly meets the limitations of the asserted claims, the inclusion of Plaintiff's new theory would be prejudicial to Defendant. It is unlikely that Defendant would be able to cure that prejudice. Based on Plaintiff's contentions, Defendant has been preparing a case to respond to the accusation that the IVM product, but not the AIC product, infringes. According to the parties at the discovery conference, the addition of the AIC product has a significant impact on damages, such that it would be fair to characterize AIC as the dog and IVM as the tail. Defendant's fact discovery efforts, analysis of prior art, and development of invalidity theories were premised on the only accused product being IVM. What Defendant might have done differently had Defendant understood AIC to be an accused product is hard to say, but any lawyer preparing for a trial develops his or her theories and evidence in light of the other side's theories. Defendant has plausibly stated that an accusation of the AIC product would require it to analyze more prior art and develop different invalidity arguments.[2] Plaintiff, on the other hand, has not satisfactorily explained why it never attempted to supplement its infringement contentions with the AIC

---

[2] My general view is that invalidity objectively depends upon the asserted claims and their constructions. But I have heard enough patent lawyers say that their choices about which invalidity defenses to pursue in the narrowing towards trial depend in part on the plaintiff's choices to understand that there is also a subjective element to the choice of invalidity strategy.

theory,[3] even though Plaintiff moved to supplement its contentions on a different theory. (*See* D.I. 151).

I thus conclude that exclusion of Plaintiff's new AIC theory is appropriate. Defendant's motion to strike Dr. Almeroth's AIC theory and portions of Mr. Kennedy's report to the extent that they rely on the AIC theory is GRANTED.

IT IS SO ORDERED.

Entered this 28th day of August, 2024.

*Richard G. Andrews*
United States District Judge

---

[3] At the discovery conference on August 27th, Plaintiff said something to the effect that it did not see much difference between the two products, suggesting that Plaintiff had given the matter thought and decided not to take any action.