# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUIL IP HOLDINGS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 22-677-RGA |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| AKAMAI TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| AKAMAI TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 22-1531-RGA |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| AUTOMATED MEDIA PROCESSING ) | |
| SOLUTIONS, INC. d/b/a EQUILIBRIUM, ) | |
| ) | |
| Defendant. ) | |

## PARTIAL STIPULATION AND [PROPOSED] ORDER TO AMEND SCHEDULE

WHEREAS, in view of the Court's oral order at the Discovery Dispute Conference held on August 27, 2024 ("Conference"), the Court directed the parties to meet and confer to jointly propose a revised schedule for further *Markman* proceedings. As the Court stated:

> THE COURT: All right. Well, so my inclination on this one is not to strike it. I do think it makes a difference that the claim construction opinion was issued two weeks before the expert reports, but I do think that there's a pretty good chance that Dr. Almeroth is doing some claim construction here. And so I think we ought to set a briefing schedule on the claim construction that Dr. Almeroth is proposing and Plaintiff ought to go first.
> Can you all agree on a briefing schedule between yourselves for whatever construction? I mean, sort of go through the Markman process limited to this one term essentially being the *Finjan* issue?

8/27/2024 Hearing transcript, at 43:17-44:3.

WHEREAS, Equil IP Holdings LLC ("Equil"), Automated Media Processing Solutions, Inc. d/b/a Equilibrium ("AMPS"), and Akamai Technologies, Inc. ("Akamai") (collectively, the "Parties") have met and conferred.

WHEREAS, the Parties have agreed to keep the two above-captioned cases on the same schedule for now, subject to the approval of the Court.

WHEREAS, Equil and Akamai are unable to agree to certain aspects of the process by which the remaining claim construction issues relating to the "a host computer" limitation are to be presented.

**Equil's Separate Statement on Supplemental *Markman* Process**

The parties' supplemental Markman briefs must join issue. At the August 27 hearing, the Court declined to strike testimony from Prof. Almeroth that a person of skill in the art would view the accused system as "a host computer" even if, under the Court's construction applying *Finjan*, the same "host computer" must perform all steps of the method. Prof. Almeroth's expert report described and applied the plain and ordinary meaning of "a host computer" as described in the patent and understood by a person of skill in the art. Prof. Almeroth opined that the plain and ordinary meaning of "host computer" is a system of components that provides services and data over a network. (*See* Almeroth Infringement Report at ¶ 146 ("A POSA would understand that these functions could be distributed across different processing components forming a single system"); *id.* ("System 100 is a single system . . . with more than one processing component"); *id.* at ¶ 148 (accused platform is a "host computer connected to the Internet and is designed to provide both services and data over that network.")

Akamai apparently contends that the accused system cannot literally infringe the claim as construed because it incorporates "multiple [host] computers." Akamai has thus far refused to

state what definition of "a host computer" it relies on to establish that "multiple" host computers are used in the accused system. It disputes that any construction is needed of a "host computer." Still, it has alternatively proposed "a device for processing information that provides services to other devices" if the Court believes further construction is necessary. Yet it has not explained how that proposed construction would help resolve the key dispute: whether the accused system contains "multiple [host] computers" as a person of skill in the art would understand that term.

Given the above, Equil requests a reply brief to address any arguments expressed or implied in Akamai's responsive brief regarding what constitutes "multiple [host] computers."

**Akamai's Separate Statement on Supplemental *Markman* Process**

During the parties' negotiations on this schedule, Equil proposed that, if Akamai agreed to exchange proposed constructions in advance, the parties each need only a single brief. While Akamai has maintained that no further construction is necessary and Equil's construction goes beyond what the Court ordered the parties to address, Akamai agreed to Equil's proposal and provided a proposed construction.[1] Equil then demanded a reply brief. While Akamai believes two sets of briefs from the parties is unnecessary, if Equil gets a reply brief, then Akamai requests that it also get a surreply brief, consistent with the Court's typical practice for claim construction. As Akamai's briefing will address, Akamai believes that Equil's position raises issues beyond what the Court instructed the parties to brief (as noted and demonstrated by Equil's arguments above).

---

[1] Akamai's proposed construction of "a host computer" that was shared with Equil is: plain and ordinary meaning; if the Court believes further construction is necessary, "a device for processing information that provides services to other devices."

**Proposed Schedule**

| Deadline | Proposed Date |
|---|---|
| **(Both Parties Propose)** Equil's opening supplemental *Markman* brief (8 page limit) | 1 week after Court's order entering schedule |
| **(Both Parties Propose)** Akamai's responsive supplemental *Markman* brief(8 page limit) | 1 week later |
| **Deadline** | **Proposed Date** |
| **(Equil Proposes, Akamai Opposes)** Equil's reply supplemental *Markman* brief(4 page limit) | 1 week later |
| **Deadline** | **Proposed Date** |
| **(Akamai Proposes, Equil Opposes)** Akamai's surreply supplemental *Markman* brief(4 page limit) | 1 week later |
| **Deadline** | **Proposed Date** |
| **(Both Parties Propose)** Joint hearing on (1) the supplemental *Markman* briefing and (2) Equil's Motion to Amend its Infringement Contentions (D.I. 101) | at the Court's convenience, to the extent the Court intends to hold hearings on these disputes |

FURTHER IT IS HEREBY STIPULATED, by the undersigned counsel for the above-captioned cases and Parties, subject to approval of the Court that deadlines in the Scheduling Orders (C.A. No. 22-677, D.I. 27, 140, 169; C.A. No. 22-1531, D.I. 16, 71, 76) be amended as follows:

| Deadline | Proposed Date |
|---|---|
| Deadline for parties to submit an updated proposed schedule with enumerated dates for remaining deadlines | 1 week after the Court issues the later of its order on the claim construction issue and Equil's motion to amend its contentions |
| Deadline for supplemental disclosure to contradict or rebut evidence on the same matter pursuant to Paragraph 10.a. of the Scheduling Order | 4 weeks after the Court issues the later of its order on the claim construction issue and Equil's motion to amend its contentions |
| The deadline for reply expert reports from the party with the initial burden of proof pursuant to Paragraph 10.a. of the Scheduling Order | 4 weeks after the deadline for supplemental disclosure to contradict or rebut evidence on the same matter pursuant to Paragraph 10.a. of the Scheduling Order |
| Deadline for completion of depositions of experts | 3 weeks after the deadline for reply expert reports from the party with the initial burden of proof pursuant to Paragraph 10.a. of the Scheduling Order |

| Case Dispositive / Daubert Motions | 3 weeks after deadline for completion of depositions of experts |
|---|---|
| Case Dispositive / Daubert Motion Responses | 4 weeks after case dispositive / Daubert motions |
| Case Dispositive / Daubert Motion Replies | 4 weeks after case dispositive / Daubert motion responses |
| Trial | [Updated trial date to be set by the Court] |

The parties certify pursuant to L.R. 16.4 that a true and correct copy of this document has been sent to their respective clients.

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff Equil IP Holdings LLC*

Dated: September 23, 2024

YOUNG CONAWAY STARGATT & TAYLOR LLP

By: /s/ Adam W. Poff
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Tel: (302) 571-6600
apoff@ycst.com
rvrana@ycst.com
astombaugh@ycst.com

*Attorneys for Defendant Akamai Technologies, Inc.*

IT IS ORDERED on this 24th day of Sept, 2024, that the parties may submit additional Markman briefing as agreed above, Equil _____ (may/may not) submit a reply brief, and Akamai _____ (may/may not) submit a sur-reply brief.

IT IS FURTHER ORDERED that the deadlines in the Scheduling Orders are amended as indicated above.

The Honorable Richard G. Andrews

11751371/22225.00001

-5-