IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EQUIL IP HOLDINGS LLC,

        Plaintiff,

   v.

AKAMAI TECHNOLOGIES, INC.,

        Defendant.

Civil Action No. 22-677-RGA

MEMORANDUM ORDER

    Defendant filed a motion for leave to file a first amended answer. (D.I. 78). The only issue is whether the proposed amended answer, in asserting a tenth defense of inequitable conduct and an eleventh defense that includes unclean hands, is futile. That is, do the two defenses actually state a defense? To answer the question, I reviewed the proposed amended answer. (D.I. 78-1).

    The inequitable conduct defense is essentially alleged to be a shell game over who the inventors are, which relates to whether common inventorship between the patent-in-suit and an earlier patent rules out the earlier patent as potentially invalidating prior art. (*See id.* ¶¶ 127–28). The inequitable conduct defense recites some allegations (*id.* ¶¶ 122–26) that I have already ruled do not allege inequitable conduct. (D.I. 75). Thus, I assume they are included as some sort of background. The balance of the allegations may be summarized as follows: Mr. Barger, founder of the Plaintiff company, named one set of inventors in 2005 for the patent application that led to U.S. Patent No. 6,964,009 (the "'009 patent") and named a different set of inventors, including himself, in 2013 for the patent application that led to the patent-in-suit. (D.I. 78-1 ¶¶ 119, 122–27). The two patents have identical specifications. (*Id.* ¶ 127). When Defendant filed

an IPR in 2023 against the patent-in-suit, Mr. Barger filed a correction of inventorship and got himself named as an inventor on the '009 patent, which led the PTAB to determine that the '009 patent was not prior art to the challenged patent. (*Id.* ¶ 128).

The alleged inequitable conduct is that Mr. Barger and the other originally-listed inventors of the patent-in-suit are not the true inventors of the patent-in-suit. (*Id.* ¶¶ 133–46). Defendant also alleges Barger's correction of invention for the '009 patent adding himself as an inventor is inequitable conduct. (*Id.* ¶ 144).

To establish inequitable conduct, an accused infringer must generally show (1) "that the patentee acted with the specific intent to deceive the PTO" and (2) materiality. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc). Allegations of inequitable conduct must be pled with particularity. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009); *see also Wyeth Holdings Corp. v. Sandoz, Inc.*, 2012 WL 600715, at *5 (D. Del. Feb. 3, 2012) ("Although inequitable conduct is conceptually broader than fraud, any such allegations must be pled in accordance with Rule 9(b), which requires that 'the circumstances constituting fraud or mistake shall be stated with particularity.'") (citation omitted)). "[T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp.*, 575 F.3d at 1328.

While "but-for materiality generally must be proved to satisfy the materiality prong of inequitable conduct, [the Federal Circuit has] recognize[d] an exception in cases of affirmative egregious misconduct." *Therasense*, 649 F.3d at 1292. In those cases, "such as the filing of an unmistakably false affidavit, the misconduct is material." *Id.*

Plaintiff argues, and Defendant does not dispute, that, at the time of the grant of the patent-in-suit, the '009 patent would have been prior art to the patent-in-suit because it had a completely different set of inventors. (D.I. 90 at 8). Thus, assuming that the inventors for the patent-in-suit were incorrectly stated, the error was not material to patentability of the patent-in-suit, since that incorrect statement made the '009 patent prior art. (*Id.*).

Defendant argues that the two patents should have the same inventors. (D.I. 78 at 2–3). Plaintiff agrees. (D.I. 90 at 1).[1] If Defendant can prove, as it alleges, that Mr. Barger was not a proper inventor of the '009 patent, Plaintiff would have had no procedure to change the '009 patent from prior art to non-prior art, which, as alleged by Defendant, would have been material to the PTAB's patentability decision in the IPR. (D.I. 78 at 2). Thus, I think Defendant has stated an inequitable conduct claim.[2]

Much of Plaintiff's argument is centered on its contention that incorrect inventorship cannot constitute inequitable conduct. Plaintiff argues that *Therasense* made Federal Circuit cases involving incorrect inventorship as a basis for inequitable conduct no longer good law. (D.I. 90 at 6). Not a bad argument, but the Federal Circuit has not gone that far. For example, in a case post-*Therasense*, the Federal Circuit said,

> Our precedent provides that "error" in § 256 includes "all varieties of mistakes—honest and dishonest"—rather than only unintentional inaccuracy. *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1554–56 (Fed. Cir. 1997). That is, *Stark* expressly construed "error" to "embrace more than simply honest mistakes." *Id.* at 1554. *Stark*'s broad interpretation was intended to "harmonize[] well with the title

---

[1] According to Plaintiff, it could not correct inventorship on the '009 patent because one of the inventors had died. (D.I. 90 at 1). I am not sure why Plaintiff considers this to be a relevant consideration given the procedural status of the case.

[2] At the time of the briefing on this motion, Mr. Barger had not been deposed. Two patents with the same specification but two completely different sets of inventors raises a strong inference that one set of inventors is not just a mistake but a fraud, and the most reasonable inference is that it is the second set. I think the pleading of the inequitable conduct defense is sufficient so that it should be resolved on the basis of a full factual record.

3

> 35 policy of seeking to reward the actual inventors of technological advances." *Id.* Indeed, § 256 is a savings provision, functioning to prevent invalidation when correction is available. It is the inequitable-conduct rules that provide a safety valve in the event of deceit. *Id.* at 1555–56.

*Egenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1376–77 (Fed. Cir. 2020) (footnote omitted).

In regard to unclean hands, Defendant essentially alleges the same thing that it does in connection with inequitable conduct. (D.I. 78-1 ¶¶ 147–53). I think that, for the same reasons that Defendant has successfully alleged inequitable conduct, it has also alleged unclean hands.

The motion for leave to file first amended answer (D.I. 78) is GRANTED.

IT IS SO ORDERED.

Entered this 14th day of February, 2025

    /s/ Richard G. Andrews
United States District Judge